IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BRADLEY | § | |
| v. | § | CIVIL ACTION NO. 5:22cv80 |
| WARDEN SALMONSON | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Christopher Bradley filed this application for the writ of habeas corpus under 28 U.S.C. § 2241 challenging the computation of his sentence. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Petitioner's Application for Habeas Corpus Relief**

Petitioner states that he was arrested on or around January 17, 2012, and taken into federal custody, where he was "held at a halfway house under close supervision." He was indicted and in March of 2012, he pleaded guilty. On February 13, 2013, Petitioner states that he was sentenced to 168 months of incarceration and five years of supervised release.

Petitioner says that he is not challenging the legality of his conviction, but rather is seeking credit for the time spent in the residential re-entry center toward his federal sentence. He says that by court order, he was not allowed to leave the center for any reason except to go to court or to his employment. He had to account for his presence five times a day, was subjected to random breath and urine tests, his access to visitors was limited, and there was a paucity of vocational, educational, and recreational services compared to a prison facility. Thus, petitioner argues that his confinement in the center was "official detention," for which he should receive credit for the time spent there.

The Government has filed a response arguing that Petitioner failed to exhaust his administrative remedies and that he has failed to state a claim upon which relief may be granted. The Government says that Petitioner filed an administrative remedy request with the Warden and appealed the decision to the South Central Regional Office, but did not submit an appeal to the Office of General Counsel. The Government also says that Petitioner was arrested on January 30, 2012, and was released on bond on March 13, 2012, and there is no indication that he was held at a halfway house following his release on bond. He was arrested again on June 20, 2012, and released on bond on June 25. Petitioner has received credit on his sentence for these two time periods, but the Government argues that he is not entitled to credit for time spent on bond, citing *Reno v. Koray*, 115 S.Ct. 2021 (1995). Thus, the Government maintains that Petitioner received all of the time to which he is entitled. Petitioner did not file a response to the Government's answer.

## II. Discussion

The Fifth Circuit has stated that federal courts do not have jurisdiction over complaints related to the computation of sentences or sentencing credit until exhaustion of administrative review by the Federal Bureau of Prisons. *Falcetta v. United States*, slip op. no. 20-50247, 2021 U.S. App. LEXIS 35722 (5th Cir. 2021), *citing United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992); *United States v. Wilson*, 503 U.S. 329, 335-36 (1992).

This administrative review procedure by the Bureau of Prisons consists of four steps. First, the inmate must attempt to informally resolve the issue with the staff. If informal attempts are unsuccessful, the prisoner files a written complaint with the Warden using a BP-9 form. 28 C.F.R. §542.14(a). If the prisoner is dissatisfied with the Warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. §542.15. If still unsatisfied, he may appeal to General Counsel at the Central Office using a BP-11 form. 28 C.F.R. §542.15. The Fifth Circuit has stated that a prisoner has not exhausted his administrative remedies until his claim has been denied at all levels. *Huff v. Neal*, 555 F.App'x 289, 293, 2014 U.S. App. LEXIS 1535 (5th Cir. 2014).

In the present case, the uncontroverted summary judgment evidence shows that Petitioner pursued the grievance procedure through the first three steps, but did not appeal the Regional Office's denial to General Counsel at the Central Office. Thus, Petitioner did not complete the grievance procedure and therefore did not exhaust his administrative remedies. *Id.*, 555 F.App'x at 293; *Herrera-Villatoro v. Driver*, 269 F.App'x 372, 373, 2008 U.S. App. LEXIS 3042 (5th Cir. 2008) (prisoner failed to exhaust administrative remedies when his appeals to the General Counsel were improperly done and rejected for that reason). The exhaustion requirement is jurisdictional, and so the petition should be dismissed on that basis.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

In order to obtain a certificate of appealability, the petitioner must make a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Petitioner has not shown, nor does it appear, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling that he failed to exhaust administrative remedies. As a result, he is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed without prejudice for failure to exhaust administrative remedies. It is further recommended that a certificate of appealability be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 31st day of July, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE