IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BRADLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:22-CV-80-RWS-JBB |
| | § | |
| WARDEN S. SALMONSON, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the Court is Petitioner Christopher Bradley's petition for a writ of habeas corpus. Docket No. 1. Petitioner, proceeding *pro se*, filed the above-captioned writ of habeas corpus challenging the computation of his sentence. *Id.* The case was referred to United States Magistrate Judge Boone Baxter in accordance with 28 U.S.C. § 636. Respondent Warden Salmson filed a response (Docket No. 7), and the Magistrate Judge issued a Report recommending that Petitioner's petition be dismissed for failure to exhaust administrative remedies. Docket No. 8.

Petitioner stated he is not challenging his conviction but asking for credit toward his federal sentence from the time he spent at a residential re-entry center. *See* Docket No. 1. In his response, Respondent stated that Petitioner had not exhausted his administrative remedies because although Petitioner filed a request with the Warden and appealed to the South Central Regional office, Petitioner did not submit his appeal to the Office of General Counsel. Docket No. 7 at 2, 4. The Magistrate Judge agreed with Respondent and found that the Bureau of Prison's administrative review process consists of four steps, while Petitioner had only completed three. Docket No. 8 at 2. The Magistrate Judge explained that a prisoner "has not exhausted his administrative remedies until his claim has been denied at all levels." *Id.* (citing *Huff v. Neal*, 555 F. App'x 289, 293, 2014

U.S. App. LEXIS 1535 (5th Cir. 2014)).

Accordingly, the Magistrate Judge recommended dismissal of the petition for failure to exhaust administrative remedies. *Id.* at 4. A copy of the Magistrate Judge's Report was sent to Petitioner at his last known address, but no objections have been received. The Fifth Circuit has explained that where a letter is properly placed in the United States mail, a presumption exists that the letter reached its destination in the usual time and was actually received by the person to whom it was addressed. *Faciane v. Sun Life Assurance Company of Canada*, 931 F.3d 412, 420-21 and n.9 (5th Cir. 2019).

Because no objections have been received, Petitioner is barred from *de novo* review by the District Judge of the Magistrate Judge's proposed findings, conclusions and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203-RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021).

The Court has reviewed the pleadings in this case and the Report of the Magistrate Judge. Upon such review, the Court has determined the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). Accordingly, it is

**ORDERED** that the Report of the Magistrate Judge (Docket No. 8) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-captioned action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is further

**ORDERED** that any pending motions in this case are **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 2nd day of November, 2023.**

                                               ROBERT W. SCHROEDER III
                                               UNITED STATES DISTRICT JUDGE